MCH\LNM: 2018R00425

FILED ENTERED
LODGED RECEIVED

AUG 6 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. GLR-19-0373 |
| v. | (Conspiracy to Distribute Narcotics, 21 U.S.C. § 846, Conspiracy to Commit Money Laundering, 18 U.S.C. § 371; Forfeiture, 21 U.S.C. § 853; 18 U.S.C. § 2461(c)) |
| AIMEE JONES, | |
| Defendant | |

## CRIMINAL INFORMATION

### COUNT ONE
(Conspiracy to Distribute Narcotics)

The United States Attorney for the District of Maryland charges that:

From in or about January 2017 through February 2019, in the District of Maryland and elsewhere, the Defendant,

**AIMEE JONES**

did knowingly combine, conspire, confederate, and agree with persons known and unknown, to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, § 841(a)(1).

21 U.S.C. § 846

1

# COUNT TWO
## Conspiracy to Commit Money-Laundering

The United States Attorney for the District of Maryland charges that:

From in or about January 2017 through February 2019, in the District of Maryland and elsewhere, the Defendant,

**AIMEE JONES,**

did knowingly combine, conspire, and agree with other persons known and unknown to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is a conspiracy to distribute narcotics, with the intent to promote the carrying on of that specified unlawful activity, that is a conspiracy to distribute narcotics, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and that the financial transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Sections 1956 and 1957.

## MANNER AND MEANS

1. The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

   a. The Defendant and her co-conspirators would obtain narcotics from suppliers.

   b. The Defendant and her co-conspirators would arrange to pay those suppliers through drug proceeds.

c. The Defendant and her co-conspirators would transfer money, by wire transmission and by other means, to suppliers to pay for drugs.

d. The Defendants and her co-conspirators would conduct financial transactions, including paying cash to drug suppliers, to further the narcotics conspiracy.

## OVERT ACTS

2. During the course of and in furtherance of the conspiracy, and to effect the object thereof, at least one of the conspirators committed or caused to be committed at least one of the following acts, among others, in the District of Maryland and elsewhere: on the dates set forth below, **AIMEE JONES** sent transmissions of money to other members of the conspiracy through the following means on the following dates (among others):

   a. On August 19, 2017, $1000 by Moneygram transmission to a coconspirator;

   b. On August 19, 2017, $1,000 by Western Union transmission to a coconspirator;

   c. From February 5 through 20, 2018, $6300 by Moneygram transmissions to a coconspirator; and

   d. On May 19, 2018, $500 by wire transmission to a conspirator.

21 U.S.C. § 371

3

## FORFEITURE

1. The allegations contained in Counts One and Two of this Criminal Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853, Title 18 United States Code, Section 981(a)(1)(C), Title 18 United States Code, Section 982(a)(1), and Title 28 United States Code, Section 2461(c).

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846, the defendant,

**AIMEE JONES,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense and all interest and proceeds traceable thereto. The property to be forfeited includes, but is not limited to, the following:

   a. A sum of money equal to the value of any property involved in the money laundering offenses for which the defendant has been convicted;

   b. All property constituting the subject matter of the money laundering offenses for which the defendant has been convicted; and

   c. All property used to commit or to facilitate the commission of the money laundering offenses for which the defendant has been convicted.

## SUBSTITUTE ASSETS

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

18 U.S.C. § 981(a)
18 U.S.C. § 982(a)
21 U.S.C. § 853(a)
28 U.S.C. § 2461(c)
Fed. R. Crim. P. 32.2(a)

_Robert K. Hur/mch_
Robert K. Hur
United States Attorney